UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CHARLES EDWARD RICHARDSON,

    Petitioner,

    v.

BRIAN BELLEQUE, Oregon State Penitentiary,

    Respondent.

Case No. 6:16-cv-01801-MC

OPINION AND ORDER

MCSHANE, District Judge:

    Petitioner seeks federal habeas relief pursuant to 28 U.S.C. § 2254, alleging the deprivation of his right to the effective assistance of trial counsel. Respondent argues that petitioner's claims are procedurally defaulted and otherwise lack merit. Based on the record before the court, petitioner fails to establish he is entitled to federal habeas relief. The petition is DENIED.

## BACKGROUND

    On June 25, 2006, petitioner and his wife began arguing at the Prairie Schooner, a tavern on the outskirts of Eugene, Oregon. Resp't Ex. 119 at 9. Petitioner was drinking, using

Page 1    - OPINION AND ORDER

profanity, and threatening his wife. Resp't Ex. 119 at 134-37, 145-46. At one point, petitioner exited the tavern, slamming the door as he left. The victim, an elderly gentleman who was patronizing the tavern, followed petitioner outside and approached him. Resp't Ex. 120 at 8-9. Petitioner punched the victim once in the forehead; the victim fell, and his head struck the ground. Resp't Ex. 120 at 9. Petitioner walked past the victim into the tavern, paid his tab, and left. As petitioner left the tavern, he again walked past the victim, who was lying unconscious on the ground. Resp't Ex. 119 at 13-14. Another patron witnessed the incident on the tavern's security monitors and alerted others who came to the victim's aid. Resp't Ex. 120 at 9-10. The victim was taken to a hospital, where he died the next day as a result of head injuries. Resp't Ex. 119 at 13.

Petitioner was charged with one count of Manslaughter in the First Degree and one count of Assault in the Second Degree. Resp't Ex. 116. Petitioner pleaded not guilty to the charges and proceeded to jury trial.

To convict on the charge of Manslaughter in the First Degree, the State was required to prove that petitioner acted recklessly and with "extreme indifference to the value of human life." Or. Rev. Stat. § 163.118(1)(a). The State contended that petitioner recklessly killed the victim by striking him in the head and demonstrated extreme indifference to the value of human life by twice stepping over the victim without rendering or seeking aid. Resp't Ex. 121 at 151. Petitioner's trial attorney argued that petitioner had acted in self-defense when the victim approached him outside of the tavern. Resp't Ex. 121 at 185-87. Alternatively, the defense contended that petitioner had not intended to hurt the victim and did not realize the extent of the victim's injuries when he left the scene. Resp't Ex. 119 at 37-38; Resp't Ex. 121 at 181-82.

At the close of evidence, the trial court gave the following instructions:

> In Count 1, charging Manslaughter in the First Degree, it's alleged that the defendant, on or about June 25th, 2006, in Lane County, recklessly caused the death of Robert Geyer, a human being, under circumstances manifesting an extreme indifference to the value of human life.
>
> ***
>
> Now, with respect to Count 1, charging Manslaughter in the First Degree, Oregon law provides that person commits the crime of Manslaughter in the First Degree if that person recklessly causes the death of another person under circumstances manifesting extreme indifference to the value of human life.
>
> In this case, to establish the crime of Manslaughter in the First Degree, the State must prove beyond a reasonable doubt the following three elements: first, that the act occurred in Lane County, Oregon; second, that the act occurred on or about June 25th, 2006; and, third, that the defendant unlawfully and recklessly caused the death of Robert Geyer under circumstances manifesting extreme indifference to the value of human life.

Resp't. Ex. 122 at 7, 11. The trial court gave an instruction defining the term "recklessly."

Resp't Ex. 122 at 9. The court did not define the term "extreme indifference to the value of human life," and petitioner's counsel did not request a special instruction.

The trial court also instructed the jury on the lesser included offenses of Manslaughter in the Second Degree and Criminally Negligent Homicide, neither of which require the element of "extreme indifference to the value of human life." The trial court explained:

> To establish the lesser-included crime of Manslaughter in the Second Degree, the State must prove as follows: first, that the act occurred in Lane County, Oregon; second, that the act occurred on or about June 25th, 2006; and, third, that the defendant recklessly caused the death of Robert Geyer.
>
> ***
>
> In this case, to establish the crime of Criminally Negligent Homicide, the State must prove beyond a reasonable doubt the following three elements: first, that the act occurred in Lane County, Oregon; second, that the act occurred on or about June 25th, 2006; and, third, that the defendant, with criminal negligence, caused the death of Robert Geyer.
>
> ***

> The difference in the proof required in the charged offense as compared to the lesser-included offense are as follows. For Manslaughter in the First Degree, the State must prove that the crime was committed recklessly with, under circumstances manifesting extreme indifference to the value of human life. For Manslaughter in the Second Degree, the State must prove that the offense was committed recklessly but not with, under circumstances manifesting extreme indifference.

Resp. Ex. 122 at 12-13.

The jury convicted petitioner of Manslaughter in the First Degree and Assault in the Second Degree. The trial court subsequently sentenced petitioner to 260 months of imprisonment under Oregon's dangerous offender statute. Resp't Ex. 115 at 5-8.

After an unsuccessful direct appeal, petitioner filed a petition for post-conviction relief (PCR) and alleged several claims of ineffective assistance of trial and appellate counsel. Resp't Exs. 129 at 19, 130-31, 133. The PCR court granted relief on petitioner's ineffective assistance claim based on trial counsel's failure to present expert psychological evidence to rebut a dangerous offender designation. Resp't Ex. 146 at 1, 3-4. The PCR court denied relief on all other claims, including petitioner's claim that counsel was ineffective by failing to request a special jury instruction defining the phrase "extreme indifference to the value of human life." Resp't Ex. 146 at 2.

The State and petitioner filed cross-appeals of the PCR court's decision. The Oregon Court of Appeals and the Oregon Supreme Court affirmed in written decisions addressing only the sentencing issue. Resp't Exs. 151, 159-60; *Richardson v. Belleque*, 277 Or. App. 615, 373 P.3d 1113 (2016), *aff'd*, 362 Or. 236, 406 P.3d 1074 (2017). On remand, the trial court imposed an upward departure sentence of 228 months of imprisonment. Resp't Ex. 115 at 13-16.

On September 12, 2016, petitioner filed the instant habeas action. The case was stayed until October 2, 2018 to allow completion of petitioner's PCR proceeding.

DISCUSSION

In his federal Petition, petitioner raises sixteen claims alleging the ineffective assistance of trial counsel and one claim alleging the ineffective assistance of appellate counsel. *See* Pet. & Att. A (ECF Nos. 1, 1-1). In his supporting brief, however, petitioner presents argument in support of only one claim. *See generally* Pet'r Br. (ECF No. 50). Accordingly, petitioner fails to sustain his burden of establishing entitlement to habeas relief with respect to the unargued claims. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (habeas petitioner bears the burden of proving his case); *Davis v. Woodford*, 384 F.3d 628, 637-38 (9th Cir. 2004) (accord).[1]

In Ground One, petitioner alleges that trial counsel "failed to request an instruction defining the element of 'extreme indifference to the value of human life' in order to distinguish that element from the element of 'recklessness.'" Pet. Att. 1 at 1. Specifically, petitioner maintains that counsel should have requested an instruction consistent with the decision in *State v. Boone*, 294 Or. 630, 661 P.2d 917 (1983), which explained that extreme indifference to the value of human life "means a state of mind where an individual cares little about the risk of death of a human being." Pet'r Br. at 16 (quoting *Boone*, 294 Or. at 638-39). The PCR court rejected this claim, and respondent maintains that the PCR court's decision is entitled to deference.

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

---

[1] As noted by respondent, all but one of the unargued claims are unexhausted and barred from federal review through procedural default. Resp't Reply at 4-5 (ECF No. 55); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring a state habeas petitioner to exhaust all available state court remedies before a federal court may consider granting habeas relief); *Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991) (if a claim was not fairly presented to the state courts, it is barred through procedural default); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court.").

Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *see also Early v. Packer*, 537 U.S. 3, 11 (2002) (per curiam) (state court decisions may be set aside "only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law, or based on 'an unreasonable determination of the facts'").

Under well-established Supreme Court precedent, a habeas petitioner alleging ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, petitioner "must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unless petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

In rejecting petitioner's claim, the PCR court found that petitioner's counsel made a "reasonable," strategic decision "not to request special instruction (there is no uniform) on 'extreme indifference,'" and that counsel argued the meaning of the phrase "effectively." Resp't Ex. 146 at 2. The PCR court's decision was not an unreasonable application of *Strickland*.

As noted by the PCR court, Oregon uniform jury instructions do not include an instruction for "extreme indifference to the value of human life." Resp't Ex. 146 at 2. As he testified during his PCR deposition, petitioner's counsel "did not think there was a need for additional instruction" because "of the facts of the case." Resp't Ex. 138 at 16. Instead, petitioner's counsel relied on the uniform instructions for manslaughter and felt "comfortable" explaining the difference between recklessness and extreme indifference to human life during his closing argument. Resp't Ex. 138 at 14, 16. When asked about an instruction based on *Boone*, that "extreme indifference to human life" means "an individual cares little about the risk of death of a human being," counsel responded that he did not see a "major difference" between "cares little" and "extreme indifference." Resp't Ex. 138 at 17. In fact, counsel was of the opinion that the phrase "cares little" invited unnecessary jury speculation. He explained:

> I think in some respect extreme indifference language is stronger for the defense than hearing words saying I cared very little…. You avoid then, we care little, how much, 20 percent, ten percent, 30 percent. I think you then move yourself to arguing about caring little or a little bit more or maybe a whole bunch or not a lot. I think that really sidetracks your argument. You're better off I think just to proceed with extreme indifference. Boom. Extreme indifference, that's just in your face.

Resp't Ex. 138 at 18-19.

Generally, "informed decisions" and "strategic choices" by counsel must be respected "if they are based on professional judgment." *Strickland*, 466 U.S. at 681. A "trial attorney's failure to request a jury instruction receives no deference, however, when it is based on 'a misunderstanding of the law' rather than 'a strategic decision to forego one defense in favor of another.'" *Crace v. Herzog*, 798 F.3d 840, 852 (9th Cir. 2015) (quoting *United States v. Span*, 75 F.3d 1383, 1390 (9th Cir. 1996)); *see also United States v. Alferahin*, 433 F.3d 1148, 1161 (9th Cir. 2006) (finding counsel's performance deficient when he "did not intend strategically to

Page 7   - OPINION AND ORDER

forego the materiality instruction" but "had no idea that such an instruction was available to his client as a matter of right").

Here, counsel's decision did not rest on a misunderstanding of the law. Counsel made a reasoned, informed decision to argue the meaning of "extreme indifference" rather than request a special jury instruction. In doing so, counsel emphasized to the jury that they could find petitioner guilty only if they found, in addition to recklessness, extreme indifference to the value of human life. Resp't Ex. 121 at 194 ("Manslaughter 1 has two prior things. Has to be done recklessly, okay? Has to be extreme indifference to the value of human life."). Counsel then argued that petitioner simply struck the victim once and did not "act with extreme indifference at all." Resp't Ex. 121 at 195. Counsel emphasized that petitioner "didn't stand over this guy; he didn't kick him or anything at all….He didn't hit him more. He didn't kick him in the groin. He didn't hit him in the heart. He responded to what was viewed as a threat -- a single time, period." Resp't Ex. 121 at 195. Under these circumstances, counsel's performance did not fall below the objective standard of reasonableness.

Petitioner also fails to show prejudice. Notably, the phrase "extreme indifference to the value of human life" includes words with plain meanings rather than arcane, legalistic terms that require additional explanation. Further, counsel's argument and the trial court's instructions made clear that Manslaughter in the First Degree, as opposed to the lesser included offenses, required more than reckless conduct. Resp't Ex. 121 at 194-97; Resp't Ex. 122 at 7, 11-13. Even the prosecutor made the difference clear. He argued:

> There's a difference between the different degrees of Manslaughter. The Court is going to tell you what that is. But the one the defendant is charged with, the main charge, requires extreme indifference to the value of human life. So why would the defendant lie about stepping over the old man and leaving? Now it seems obvious to you why: because that shows extreme indifference to the value of human life.

Resp't Ex. 121 at 151. Based on counsel's closing arguments and the court's thorough instructions, the jury knew that Manslaughter in the First Degree required a showing of extreme indifference to the value of human life in addition to reckless conduct, and it convicted petitioner of that charge.

Accordingly, petitioner fails to establish that the PCR court unreasonably applied *Strickland* in rejecting his claim of ineffective assistance of trial counsel, and petitioner is not entitled to habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 30th day of March, 2020.

s/ Michael J. McShane
Michael J. McShane
United States District Judge